UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HAYES,                                    Case No. 2:25-cv-10678
                                                 Hon. Robert J. White

      Plaintiff,

v                                                Magistrate Judge Kimberly G. Altman

STATE FARM FIRE AND CASUALTY CO., dba
STATE FARM MUTUAL AUTOMOBILE CO.,

      Defendant.

_____

**SHAWNDRICA N. SIMMONS (P70608)**  **CARY R. BERLIN (P64122)**
**SIMMONS LEGAL (dba the Lawchic)**  **AMY L. WILLE (P68360)**
Attorneys for Plaintiff           **PATRICK, JOHNSON & MOTT, P.C.**
77 Bagley Street              Attorneys for Defendant
Pontiac, Michigan 48341      70 Macomb Place, Suite 224
(248) 732-7559             Mt. Clemens, Michigan 48043
simmonslegal@lawchic.com    (248) 356-8590
                         cberlin@pjmpc.com

_____

## STATE FARM'S MOTION FOR PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6)

For the reasons set forth in the attached brief, Defendant, State Farm Mutual Automobile Insurance Company (improperly identified in the Complaint as "State Farm Fire and Casualty Company, doing business as State Farm Mutual Automobile Company," and hereafter referred to as "State Farm"), through its attorneys, Patrick, Johnson & Mott, P.C., moves this Court for an Order dismissing:

a.    Count II of Plaintiff's Complaint, which attempts to set forth claims for negligence against State Farm, based on its alleged "failure to adequately investigate, assess, and compensate for the losses…" (ECF No. 1; Page.ID 9);

b.    Count III of Plaintiff's Complaint, which attempts to set forth a claim of "bad faith," based on State Farm's alleged failure to "adequately investigate, respond to, and settle the claim…" (Id.); as well as

c.    Granting State Farm all other relief to which it is entitled.

Pursuant to L.R. 7.1(a), there was a conference between State Farm and Plaintiff's counsel, wherein the nature of State Farm's motion and its legal basis were discussed (and a draft of the motion was provided for counsel to review). Following that review, State Farm requested, but did not receive, concurrence in the relief sought.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
Date: March 13, 2025                P64122

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HAYES,

       Plaintiff,

v

STATE FARM FIRE AND CASUALTY CO., dba
STATE FARM MUTUAL AUTOMOBILE CO.,

       Defendant.

Case No. 2:25-cv-10678
Hon. Robert J. White

Magistrate Judge Kimberly G. Altman

---

**SHAWNDRICA N. SIMMONS (P70608)**
**SIMMONS LEGAL (dba the Lawchic)**
Attorneys for Plaintiff
77 Bagley Street
Pontiac, Michigan 48341
(248) 732-7559
simmonslegal@lawchic.com

**CARY R. BERLIN (P64122)**
**AMY L. WILLE (P68360)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

<u>**BRIEF IN SUPPORT OF**
**STATE FARM'S MOTION FOR PARTIAL DISMISSAL PURSUANT TO**
**FED. R. CIV. P. 12(b)(6)**</u>

# <u>TABLE OF CONTENTS</u>

Statement of Issue ........................................................................... iii

Index of Citied Authorities ............................................................ iv-vi

Background Facts.............................................................................. 1

Summary of Argument ...................................................................... 1

Standard of Review........................................................................... 2

Law and Argument............................................................................ 3

      I.     Plaintiff's Claim that State Farm's Failure to Properly Investigate/Handle and/or Pay his Claim Constitutes "Bad Faith" Is Not Permitted in Michigan and Must be Dismissed ...............................................................................3

      II.    Count II of Plaintiff's Complaint Must also be Dismissed, as The Claimed Negligence, if any Did Not Arise Separately and Independently of State Farm's Contractual Obligations...........................................................6

Relief Requested ............................................................................. 10

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.     Does Michigan Recognize a Cause of Action for "Bad Faith" Based on State Farm's Alleged Failure to Properly Investigate/Handle and/or Pay his Claim?

II.    Should Count II of Plaintiff's Complaint be Dismissed when State Farm's Alleged Negligence Did Not Arise Separately and Independently of its Contractual Obligations?

# INDEX OF CITED AUTHORITIES

**Cases**                                                                                                    **Pages**

*Antoon v. Comm. Emerg. Med. Service, Inc.*,
190 Mich. App. 592, 595; 476 N.W.2d 479 (1991)..........................................8

*Ashcroft v. Iqbal*,
556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)......................3

*Bassett v. NCAA*,
528 F.3d 426, 430 (6th Cir. 2008) ...................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...............3

*Burnside v. State Farm Fire & Casualty Co.*,
208 Mich. App. 422, 425 n.1; 528 N.W.2d 749, 751 n.1 (1995) ....................6

*Casey v. Auto Owners Ins. Co.*,
273 Mich. App. 388, 401; 729 N.W.2d 277, 286 (2006).................................6

*Cromer v Safeco Ins Co of Am*,
No 09-13716, 2010 US Dist LEXIS 36630, 2010 WL 1494469, at *3-4
(ED Mich, Apr 14, 2010).................................................................................5

*Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*,
553 F.Supp.3d 424, 427 (E.D. Mich. 2021).....................................................3

*Fultz v. Union-Commerce Associates*,
470 Mich. 460, 467; 683 N.W.2d 587 (2004)..................................................7

*Hensley Mfg. v. ProPride, Inc.*,
579 F.3d 603, 609 (6th Cir. 2009) ...................................................................3

*Jennings v. Nationwide Mut. Fire Ins. Co.*,
2011 WL 5525951 at *2 (E.D. Mich., Nov 14, 2011)......................................5

**Cases**                                                                       **Pages**

*Kewin v. Mass. Mut. Life Ins. Co.*,
409 Mich. 401, 423; 295 N.W.2d 50 (1980).......................................................... 4, 8

*No Limit Clothing, Inc v Allstate Ins Co*,
No. 09-13574, 2011 US Dist LEXIS 2875, 2011 WL 96869, at *3
(ED Mich, Jan 12, 2011)................................................................................... 5

*Runions v. Auto-Owners Ins. Co.*,
197 Mich. App. 105, 110; 495 N.W.2d 166 (1992)........................................... 4, 7, 8

*Sherman v. Sea Ray Boats*,
251 Mich. App. 41, 52; 649 N.W.2d 783 (2002)............................................... 7

*Shree Harihar Corp. v. Westfield Ins. Co.*,
2024 WL 169562, *1 ...................................................................................... 6

*Siecinski v. First State Bank of East Detroit*,
209 Mich. App. 459, 465; 531 N.W.2d 768 (1995).......................................... 7

*Smith v. Astrue*,
639 F.Supp.2d 836 (W.D. Mich.,2009) ........................................................... 5

*Soc'y of St Vincent De Paul v Mt Hawley Ins Co*,
49 FSupp2d 1011, 1019 (ED Mich,1999)....................................................... 5

*Spengler v. ADT Security Services, Inc.*,
505 F.3d 456, 457-458 (2007) ...................................................................... 7-8

*Taylor v. Blue Cross/Blue Shield of Michigan*,
205 Mich. App. 644, 657-658; 517 N.W.2d 864 (1994) ................................ 4

*United States Fire Ins. Co. v. City of Warren*,
2012 WL 1454008 at *8 ................................................................................ 6

*Winnett v. Caterpillar, Inc.*,
553 F.3d 1000, 1005 (6th Cir. 2009) ............................................................. 3

## **<u>Statutes</u>**                                              **<u>Pages</u>**

M.C.L. 500.3121 ................................................................................. 1

## **<u>Court Rules</u>**                                          **<u>Pages</u>**

Fed. R. Civ. P. 1 ............................................................................... 2

Fed. R. Civ. P. 12(b)(6).........................................................2, 3, 6, 9, 10

## BACKGROUND FACTS

On or about March 26, 2021, a vehicle driven by State Farm's policyholder, Laquicha Driver, crashed into a building owned by Plaintiff, located at 13001 Plymouth Road, Detroit, Michigan. (Complaint at ¶¶ 4-5; ECF No. 1; PageID. 8). Plaintiff sought claims for the damages from State Farm pursuant to M.C.L. 500.3121, which State Farm has denied due to Plaintiff failing to timely submit documents (and to commence this action) until after the expiration of the one-year period of limitations set forth in M.C.L. 500.3145(5). (Denial letter, **Ex. "A;"** State Farm's about to be filed Responsive Pleadings. (ECF No. ____ ; PageID. _____).

Plaintiff asserts that the statute of limitations was tolled, and/or does not otherwise bar his claim. (Complaint at ¶¶ 25-30, ECF No. 1; PageID. 10). He then commenced this action, seeking to recover for the claimed damages to his building.

In addition to filing suit for breach of contract, Plaintiff has also alleged that State Farm was negligent, and that its actions constitute "bad faith." (Counts II and III of Complaint, ECF No. 1; PageID. 9). For the reasons set forth below, State Farm moves for a dismissal of both of those Counts.

## SUMMARY OF ARGUMENT

Regardless of whether it is ultimately determined that State Farm owes additional proceeds to Plaintiff under M.C.L. 500.3121 (it maintains it does not),

the claims for negligence and "bad faith" are improper, and must be dismissed. Specifically, Plaintiff's tort claims cannot be maintained because they did not arise separately and independently of the underlying breach of contract claim, as they all involve State Farm's alleged failure to properly investigate, adjust and pay Plaintiff's claims. Further, there is no legal relationship between State Farm and Plaintiff that would give rise to a legal duty without enforcing the contract itself, further precluding all tort claims, including claims for negligence.

Similarly, Michigan does not recognize a cause of action for bad faith breach of an insurance contract, or bad faith handling of an insurance claim. As explained by the courts analyzing Michigan law, a breach of an insurance contract, even if done in bad faith, does not give rise to a separate and independent tort claim.

Therefore, Counts II and III of the Complaint must be dismissed, in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiff's lawsuit should continue solely on his claim for breach of contract.

## **STANDARD OF REVIEW**

Rule 12(b)(6) "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As explained by this Court in

*Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F.Supp.3d 424, 427 (E.D. Mich. 2021):

> The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). In reviewing a Rule 12(b)(6) motion, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id*.

The Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## <u>LAW AND ARGUMENT</u>

**I.**     <u>**Plaintiff's Claim that State Farm's Failure to Properly Investigate/Handle and/or Pay his Claim Constitutes "Bad Faith" Is Not Permitted in Michigan and Must be Dismissed.**</u>

3

In his Complaint, Plaintiff alleges that "Defendant State Farm's handling of Plaintiff's claim, including its failure to adequately investigate, respond to, and settle the claim, constitutes bad faith." (Complaint at ¶23, ECF No. 1; PageID. 9). That claim, even if it had factual support, lacks legal merit and should be dismissed.

Specifically, the Michigan appellate courts have consistently refused to recognize an actionable independent tort based on a bad faith breach of an insurance contract. *Kewin v. Mass. Mut. Life Ins. Co.*, 409 Mich. 401, 423; 295 N.W.2d 50 (1980); *Runions v. Auto-Owners Ins. Co.*, 197 Mich. App. 105, 110; 495 N.W.2d 166 (1992) and *Taylor v. Blue Cross/Blue Shield of Michigan*, 205 Mich. App. 644, 657-658; 517 N.W.2d 864 (1994). In fact, when addressing that specific issue in *Runions*, *supra*, the Michigan Court of Appeals explained:

> In this case, the only conduct alleged by Plaintiff as being tortious is Defendant's **failure to pay the claim**. The facts fall "far short of the conduct which is considered tortiously outrageous." **At most, it attempts to plead the non-existent tort of bad-faith handling of an insurance claim**. *Id.* at 168 (emphasis added)(internal citations omitted).

4

See also, *Jennings v. Nationwide Mut. Fire Ins. Co.*, 2011 WL 5525951 at

*2 (E.D. Mich., Nov 14, 2011)[1], wherein the United States District Court for the

Eastern District of Michigan (Hon. P. Duggan) explained:

> **Michigan courts— and federal courts applying Michigan
> law—  have long held that breach of an insurance contract,
> even if done in bad faith, does not give rise to a separate and
> independent tort claim.**" *No Limit Clothing, Inc v Allstate Ins
> Co*, No. 09-13574, 2011 US Dist LEXIS 2875, 2011 WL
> 96869, at *3 (ED Mich, Jan 12, 2011)(citing cases). To support
> a tort claim, the plaintiff must allege the breach of a duty
> existing independent of and apart from the insurance contract.
> *Soc'y of St Vincent De Paul v Mt Hawley Ins Co*, 49 FSupp2d
> 1011, 1019 (ED Mich,1999). Plaintiff fails to allege any breach
> other than Defendant's bad faith performance of its obligations
> under the insurance contract. As such, she fails to allege a tort
> claim for which relief may be granted. See *Cromer v Safeco Ins
> Co of Am*, No 09-13716, 2010 US Dist LEXIS 36630, 2010 WL
> 1494469, at *3-4 (ED Mich, Apr 14, 2010)(citing cases

---

[1]    Although not binding, Allstate submits the opinion is persuasive and should
be followed. See, e.g., *Smith v. Astrue*, 639 F.Supp.2d 836 (W.D. Mich.,2009),
wherein the Court held that its decision whether to follow persuasive authority -
such as decisions by our district courts, unpublished decisions of the Sixth Circuit,
or any decisions from outside our circuit, published or otherwise -

> turns on factors such as whether the persuasive authorities employ
> logical reasoning; whether they are internally consistent; whether they
> comport with established canons of construction or provide good
> reason for departing from such canons; whether they are consistent
> with a plain and sensible reading of any applicable provisions of the
> Constitution (taking into account the intent and understanding of the
> Framers), statutes (taking into account, when necessary and
> appropriate to clarify any ambiguity, the legislative history and
> intent), and regulations; and whether they comport with the letter and
> spirit of the binding precedents that govern the relevant area of the
> law. *Id*. at 842 (internal citations omitted).

declining to declare the mere bad-faith breach of an insurance contract to be an independent and separately actionable tort).

See also, *Shree Harihar Corp. v. Westfield Ins. Co.*, 2024 WL 169562, *1 ("The Court grants the motion in part by ruling that: 1) to the extent that Plaintiffs are attempting to assert a claim for bad faith breach of the insurance policy . . ., they cannot maintain such a claim under Michigan law"). See also, *Id*. at *9-11 (see footnote 2); and *United States Fire Ins. Co. v. City of Warren*, 2012 WL 1454008 at *8 (tort of bad faith breach of an insurance contract does not exist in Michigan, citing *Burnside v. State Farm Fire & Casualty Co.*, 208 Mich. App. 422, 425 n.1; 528 N.W.2d 749, 751 n.1 (1995); see also, *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 401; 729 N.W.2d 277, 286 (2006)).

Accordingly, Michigan does not permit recovery of damages for an insurer's alleged "bad faith" investigating/handling and/or denying of a property insurance claim. Therefore, Count III of Plaintiff's Complaint, along with any allegations that State Farm's handling, investigating and/or denying, as well as any alleged breach of the subject policy, constitutes "bad faith," must be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

II.   **Count II of Plaintiff's Complaint Must also be Dismissed, as The Claimed Negligence, if any, Did Not Arise Separately and Independently of State Farm's Contractual Obligations.**

As set forth above, Plaintiff is disputing State Farm's denial of his claim for benefits for the automobile crashing into his building. Specifically, he alleges that:

    17.    Defendant had a duty to act in a reasonable and timely manner in processing Plaintiff's claim.

    18.    Defendant's failure to adequately investigate, assess, and compensate for the losses constitutes negligence. (Complaint at ¶¶ 17-18, ECF No. 1-; PageID. 9).

However, and regardless of the merit (or lack thereof) of his grievances, and even accepting all of them to be true, they are insufficient to maintain any claims in tort against State Farm, including the claims for negligence. Specifically, Michigan law expressly provides that an action in tort may not be maintained where a contractual agreement exists, unless a duty, **separate and distinct** from the contractual obligation, is alleged. *Fultz v. Union-Commerce Associates*, 470 Mich. 460, 467; 683 N.W.2d 587 (2004)(emphasis added)*; Sherman v. Sea Ray Boats*, 251 Mich. App. 41, 52; 649 N.W.2d 783 (2002). Further, the Michigan Court of Appeals has explained that, **"[I]n a contractual setting, a tort action must rest on a breach of duty distinct from the contract; the mere failure to perform an obligation under a contract cannot support a negligence claim**." *Siecinski v. First State Bank of East Detroit,* 209 Mich. App. 459, 465; 531 N.W.2d 768 (1995)(emphasis added), citing *Runions v. Auto Owners Ins. Co.,* 197 Mich. App. 105, 109;  495 N.W.2d 166 (1992). See also, *Spengler v. ADT Security*

*Services, Inc.*, 505 F.3d 456, 457-458 (2007), wherein the Sixth Circuit Court of Appeals explained that, "[U]nder Michigan law, in order for an action in tort to arise out of a breach of contract, the act must constitute (1) a breach of duty separate and distinct from the breach of contract, and (2) active negligence or misfeasance." The Court also noted that the, "duty prong is the threshold inquiry." *Id.* at 458.

Moreover, in *Antoon v. Comm. Emerg. Med. Service, Inc.*, 190 Mich. App. 592, 595; 476 N.W.2d 479 (1991), the Michigan Court of Appeals addressed a claim for negligence arising out of a breach of contract action, writing:

> Actionable negligence presupposes the existence of a legal relationship between the parties by which the injured party is owed a duty of care by the other. The legal relationship underlying such a duty may arise by contract. That is, the contract creates the state of things that furnishes the occasion of the tort. However, there must be some active negligence or misfeasance that is **distinct** from the breach of duty owed under the contract. **If a relationship exists that would give rise to a legal duty without enforcing the contractual promise itself, a tort action will lie; otherwise, it will not** (emphasis added; internal citations omitted).

Accordingly, Michigan courts will permit a tort cause of action in connection with a breach of contract **only if** a plaintiff can prove tortious conduct by the defendant that exists **independent** of the breach of contract. See, e.g., *Kewin,* 409 Mich. at 423; and *Runions*, 197 Mich. App. at 109.

8

Here, Plaintiff has failed to identify any conduct that occurred and/or existed "independent" of the alleged breach of contract; i.e., the failure to pay his claim, and/or related to State Farm's actions in handling/investigating/denying his claim. Therefore, and in direct conflict with the controlling authority cited above, Plaintiff seeks tort damages (for "bad faith" and  negligence) because, in his view, State Farm breached its duties under the policy by failing to "process" the claim in a reasonable and timely manner, and its decision to ultimately deny the claim. However, such conduct, even if it constitutes breach of the policy/contract, cannot give rise to damages in tort, including for negligence, requiring Count II of the Complaint to be dismissed.

Finally, there is no relationship between State Farm and Plaintiff that would give rise to a legal duty without enforcing the contractual promise itself, further precluding his claim of negligence in this matter.

Accordingly, while Plaintiff's complaints may give rise to a claim of breach of contract (which he has asserted in Count I of his Complaint), they cannot, as a matter of law, form the basis of a claim for separate damages in tort for negligence (or "bad faith"). Therefore, Count II of Plaintiff's Complaint, as well as any other tort claim, must be dismissed in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## <u>RELIEF REQUESTED</u>

Based upon the foregoing argument and analysis, Defendant, State Farm Mutual Automobile Insurance Company (improperly identified in the Complaint as "State Farm Fire and Casualty Company, doing business as State Farm Mutual Automobile Company), respectfully requests this Honorable Court enter an Order:

a.     dismissing Count II of Plaintiff's Complaint, as well as all claims for tort damages, in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6);

b.     dismissing Count III of Plaintiff's Complaint, as well as all claims that State Farm's actions constitute "bad faith," in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); and

c.     granting State Farm all other relief to which it is entitled.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
Date: March 13, 2025          P64122

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HAYES,

       Plaintiff,

v

STATE FARM FIRE AND CASUALTY CO., dba
STATE FARM MUTUAL AUTOMOBILE CO.,

       Defendant.

Case No. 2:25-cv-10678
Hon. Robert J. White

Magistrate Judge Kimberly G. Altman

---

**SHAWNDRICA N. SIMMONS (P70608)**
**SIMMONS LEGAL (dba the Lawchic)**
Attorneys for Plaintiff
77 Bagley Street
Pontiac, Michigan 48341
(248) 732-7559
simmonslegal@lawchic.com

**CARY R. BERLIN (P64122)**
**AMY L. WILLE (P68360)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## PROOF OF SERVICE

    I hereby certify that on March 13, 2025, my legal assistant, Courtney Pilibosian, electronically filed **State Farm's Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) and this Proof of Service** with the Clerk of the court using the ECF system which will send notification of such filing to the attorneys of record.

*Cary R. Berlin*
PATRICK JOHNSON & MOTT, P.C.
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
P64122

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HAYES,

      Plaintiff,

v.

STATE FARM FIRE AND CAS CO
DBA STATE FARM MUT. AUTO
INS. CO,

      Defendant.

Case No. 25-10678

Honorable Robert J. White

## BRIEF FORMAT CERTIFICATION FORM

I, Cary R. Berlin, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

/s/ [Cary R. Berlin]                
Cary R. Berlin
Attorney for Defendant State Farm