UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE HAYES, | Case No. 2:25-cv-10678 |
| | Hon. Robert J. White |
| Plaintiff, | |
| | Magistrate Judge Kimberly G. Altman |
| v | |
| STATE FARM FIRE AND CASUALTY CO., dba STATE FARM MUTUAL AUTOMOBILE CO., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

| | |
|---|---|
| **SHAWNDRICA N. SIMMONS (P70608)** | **CARY R. BERLIN (P64122)** |
| **SIMMONS LEGAL (dba the Lawchic)** | **AMY L. WILLE (P68360)** |
| Attorneys for Plaintiff | **PATRICK, JOHNSON & MOTT, P.C.** |
| 77 Bagley Street | Attorneys for Defendant |
| Pontiac, Michigan 48341 | 70 Macomb Place, Suite 224 |
| (248) 732-7559 | Mt. Clemens, Michigan 48043 |
| simmonslegal@lawchic.com | (248) 356-8590 |
| | cberlin@pjmpc.com |

## STATE FARM'S ANSWER TO THE COMPLAINT

Defendant, State Farm Mutual Automobile Insurance Company (improperly identified in the Complaint as "State Farm Fire and Casualty Company, doing business as State Farm Mutual Automobile Company," and hereafter referred to as "State Farm"), through its attorneys, Patrick, Johnson & Mott, P.C., provides the following Answer to Plaintiff's Complaint

### PARTIES AND JURISDICTION

1. Admitted.

2. Admitted. In further answer, State Farm submits that it is a foreign insurance corporation, organized and existing under the laws of the State of Illinois, having its principal place of business located in the City of Bloomington, State of Illinois, and at all times material

hereto, was licensed and authorized to provide automobile insurance throughout the State of Michigan, including in the County of Wayne, State of Michigan.

3. State Farm admits that, when filed, the Wayne County Circuit Court was a proper venue for this lawsuit, but following State Farm's Notice of Removal (ECF No. 1), venue is proper in this Court because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" 28 U.S.C.(b)(2), within this judicial district. Specifically, State Farm conducts insurance business within this district; the accident giving rise to this lawsuit occurred in Wayne County, Michigan, and the policy sued upon was purchased in this district (the named insured's agent is located in Eastpointe, Michigan).

## FACTUAL ALLEGATIONS

4. State Farm neither admits nor denies the allegations contained in Paragraph 4 of Plaintiff's Complaint, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

5. State Farm objects to the compound nature of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and submits that the entire paragraph should be stricken. In further answer, State Farm admits, only, that on March 26, 2021, its named insured, Laquicha Driver, crashed her vehicle into the property located at 13001 Plymouth Road, Detroit Michigan. In further answer, State Farm neither admits nor denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

6. State Farm admits the existence of the insurance policy, numbered 4876-329-22B, insuring Laquicha Driver and Derrick Dennis' interest, if any, in the vehicle set forth and

2

described in the policy, subject to all of the terms, conditions, exclusions and limitations set forth therein.

7. State Farm admits, only, that Plaintiff retained Mr. Larkins to serve as his public insurance adjuster, and that Exhibit 2 to the Complaint is the public adjusting contract he reportedly entered into with Mr. Larkins, while Exhibit 3 are three letters from Mr. Larkins that are addressed to State Farm, and one letter from State Farm to Mr. Larkins.

8. State Farm objects to the compound nature of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and submits that the entire paragraph should be stricken. In further answer, State Farm denies the allegations contained in Paragraph 8 of Plaintiff's Complaint, that Mr. Larkins "diligently worked on Plaintiff's claim," as those allegations are untrue. In further answer, State Farm neither admits nor denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs, except that, State Farm admits that Mr. Larkins' obituary is attached to the Complaint.

9. State Farm neither admits nor denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

10. State Farm denies the allegations contained in Paragraph 10 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions, except that, State Farm admits that it received notice of Plaintiff's claim, but he failed to submit supporting documents before the expiration of the period of limitations, resulting in State Farm denying his claim for the reasons set forth in its Affirmative Defenses hereto.

11. State Farm neither admits nor denies the allegations contained in Paragraph 11 of Plaintiff's Complaint, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

## COUNT I
## BREACH OF CONTRACT

12. State Farm incorporates herein by reference thereto each of its answers to Paragraphs 1 through 11 of Plaintiff's Complaint, the same as if those answers were fully set forth herein.

13. State Farm denies the allegations contained in Paragraph 13 of Count I of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

14. State Farm denies the allegations contained in Paragraph 14 of Count I of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

15. State Farm denies the allegations contained in Paragraph 15 of Count I of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

## COUNT II
## NEGLIGENCE

16. State Farm incorporates herein by reference thereto each of its answers to Paragraphs 1 through 15 of Plaintiff's Complaint, the same as if those answers were fully set forth herein.

17. State Farm denies the allegations contained in Paragraph 17 of Count II of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

18. State Farm denies the allegations contained in Paragraph 18 of Count II of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

19. State Farm denies the allegations contained in Paragraph 19 of Count II of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions, except that, State Farm admits that a blight notice is attached to Plaintiff's Complaint.

20. State Farm denies the allegations contained in Paragraph 20 of Count II of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions, except that, State Farm admits that an estimate is attached to Plaintiff's Complaint.

## COUNT III
## BAD FAITH

21. State Farm incorporates herein by reference thereto each of its answers to Paragraphs 1 through 20 of Plaintiff's Complaint, the same as if those answers were fully set forth herein.

22. State Farm denies the allegations contained in Paragraph 22 of Count III of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions, as so-called "bad faith" failure to pay an insurance claim is not a recognized cause of action in Michigan.

23. State Farm denies the allegations contained in Paragraph 23 of Count III of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

24. State Farm denies the allegations contained in Paragraph 24 of Count III of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

## ARGUMENTS AGAINST STATUTE OF LIMITATIONS

25. State Farm denies the allegations contained in Paragraph 25 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions, except that, State Farm admits that the accident occurred on March 26, 2021.

26. State Farm denies the allegations contained in Paragraph 26 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

27. State Farm denies the allegations contained in Paragraph 27 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions, as there is State Farm was contacted by multiple attorneys on behalf Mr. Hayes before Mr. Larkins passed away in 2024.

28. State Farm denies the allegations contained in Paragraph 28 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions, as there is no "discovery rule" in Michigan, and M.C.L. 500.3145(5) does not permit any tolling of the one-year statute of limitations, and Plaintiff was aware he had a cause of action before the expiration of the period of limitations.

29. State Farm denies the allegations contained in Paragraph 29 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions, as M.C.L. 500.3145(5) is the statute that governs this matter, not M.C.L. 600.5805(2).

30. State Farm denies the allegations contained in Paragraph 30 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions. In further answer, State Farm formally denied the claim in writing on February 8, 2023, but even if it had not, M.C.L. 500.3145(5) does not permit any tolling of the one-year statute of limitations, and the caselaw cited by Plaintiff does not apply to this dispute.

WHEREFORE, Defendant, State Farm Mutual Automobile Insurance Company, (improperly identified in the Complaint as "State Farm Fire and Casualty Company, doing business as State Farm Mutual Automobile Company"), respectfully requests that this Court deny Plaintiff all of the relief sought in his Complaint, and instead, dismiss this case against State

Farm in its entirety and with prejudice, as well as awarding to State Farm its costs and attorney fees so wrongfully incurred.

                                                        Respectfully submitted,

                                                        **PATRICK, JOHNSON & MOTT, P.C.**

                                                        *s/ Cary R. Berlin*
                                                        Attorneys for Defendant
                                                        70 Macomb Place, Suite 224
                                                        Mt. Clemens, Michigan 48043
                                                        (248) 356-8590
                                                        cberlin@pjmpc.com
Date: March 13, 2025                                       P64122

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HAYES,

    Plaintiff,

v

STATE FARM FIRE AND CASUALTY CO., dba
STATE FARM MUTUAL AUTOMOBILE CO.,

    Defendant.

Case No. 2:25-cv-10678
Hon. Robert J. White

Magistrate Judge Kimberly G. Altman

---

**SHAWNDRICA N. SIMMONS (P70608)**
**SIMMONS LEGAL (dba the Lawchic)**
Attorneys for Plaintiff
77 Bagley Street
Pontiac, Michigan 48341
(248) 732-7559
simmonslegal@lawchic.com

**CARY R. BERLIN (P64122)**
**AMY L. WILLE (P68360)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

**AFFIRMATIVE DEFENSES**

    Upon the trial of this cause, Defendant, State Farm Mutual Automobile Insurance Company (improperly identified in the Complaint as "State Farm Fire and Casualty Company, doing business as State Farm Mutual Automobile Company," and hereafter referred to as "State Farm"), will insist in its defense and offer evidence in support of the following Affirmative Defenses:

**First Defense**
**Failure to State Claims**

    The following counts, claims and allegations set forth in Plaintiff's Complaint fail, as a matter of law, to state valid claims upon which relief can be granted:

    a.    Count II of Plaintiff's Complaint which attempts to set forth a claim for "negligence,"

    b.    Count III of Plaintiff's Complaint which attempts to set forth a claim for "bad faith;"

    c.    All claims that M.C.L. 600.5855 govern the statute of limitations in this matter, as opposed to the correct statute, M.C.L. 500.3145(5);

    d.    All claims under the "doctrine of fraudulent concealment, as set forth in M.C.L. 600.5855;"

    e.    All claims that Michigan follows a "discovery rule" in these types of cases;

    f.    All claims that tolling of the one-year period of limitation applies in this matter; and

    g.    All claims for any extra-contractual damages, including, but not limited to the claims for, "interest, costs and attorney fees."

Notice is hereby given of State Farm's intention to move for a dismissal of the above counts, claims and allegations before the commencement of trial pursuant to Fed. R. Civ. P. 56.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Second Defense
### Statutory/Contractual Limitations

M.C.L. 500.3145 provides, in relevant part, that, "(5) An action for recovery of property protection insurance benefits may not be commenced later than 1 year after the accident."

Plaintiff's Complaint should be dismissed because he failed to commence this suit within one year of the March 26, 2021 accident that damaged his property, such that this lawsuit is barred, and Plaintiff is not entitled to recover any benefits under the subject policy, entitling State Farm to a judgment in its favor.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Third Defense
### Limitation on Damages, If Any Are Owed

Plaintiff's Complaint should be dismissed to the extent that his claimed damages are not based on the lesser amount of the reasonable repair costs or replacement costs less depreciation and, if applicable, the value of loss of use, and/or to the extent that it seeks more than $1,000,000.00 as a result of the March 26, 2021 accident, precluding Plaintiff from recovering those damages, and entitling State Farm to a judgment in its favor.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Fourth Defense
### Other Insurance

The policy of insurance sued upon provides, in relevant part

If Other Benefits or Security Applies

1. No Duplication

   No person shall recover more than once for the same damages.

2. If More Than One Policy Provides Coverage

   Subject to 1. above, if two or more policies apply to the same accident, then:

   a. the benefit limits of such policies will not be added together to determine the most that may be paid; and

   b. the total amount payable under all such policies combined is the single highest applicable limit provided by any one of the policies. If more than one of our policies apply, we may choose one or more policies from which to make payment.

Plaintiff's Complaint should be dismissed to the extent that he had other insurance coverage on his building, such that the other policy would also be responsible for paying for the damages complained of in his Complaint, entitling State Farm to a judgment in its favor.

10

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Fifth Defense
### No-Fault Act

State Farm claims all of the rights, privileges, defenses and immunities provided under the Michigan No-Fault Act, MCL 500.3101, *et. seq.*

### Sixth Defense
### Failure to Mitigate

Plaintiff's Complaint should be dismissed to the extent that he has failed to mitigate the damages complained of in his Complaint.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Seventh Defense
### Claim of Offset

State Farm claims the sums previously received by, or paid on behalf of Plaintiff for the damages complained of in his Complaint, regardless of the source of those funds, as an offset to any damages which may be awarded to Plaintiff in connection with the above-captioned lawsuit, under the No-Fault Act, under the policy of insurance sued upon, or otherwise.

### Eighth Defense
### State Farm's Entitlement to its Attorney Fees

Due to Plaintiff's claims being clearly barred by the statute, his claims have no reasonable foundation, entitling State Farm to an award representing an attorney fee for the cost of defending this action pursuant to MCL 500.3148(2).

### Reservation of Rights

State Farm reserves its right to add to, supplement, modify, change or amend any and all Affirmative Defenses hereto as the facts and circumstances become known to it through further discovery.

                                                  Respectfully submitted,

                                                  **PATRICK, JOHNSON & MOTT, P.C.**

                                                  *s/ Cary R. Berlin*
                                                  Attorneys for Defendant
                                                  70 Macomb Place, Suite 224
                                                  Mt. Clemens, Michigan 48043
                                                  (248) 356-8590
                                                  cberlin@pjmpc.com
Date: March 13, 2025                        P64122

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE HAYES,<br><br> Plaintiff,<br>v.<br><br>STATE FARM FIRE AND CASUALTY CO., dba<br>STATE FARM MUTUAL AUTOMOBILE CO.,<br><br> Defendant. | Case No. 2:25-cv-10678<br>Hon. Robert J. White<br><br>Magistrate Judge Kimberly G. Altman |

| | |
|---|---|
| **SHAWNDRICA N. SIMMONS (P70608)**<br>**SIMMONS LEGAL (dba the Lawchic)**<br>Attorneys for Plaintiff<br>77 Bagley Street<br>Pontiac, Michigan 48341<br>(248) 732-7559<br>simmonslegal@lawchic.com | **CARY R. BERLIN (P64122)**<br>**PATRICK, JOHNSON & MOTT, P.C.**<br>Attorneys for Defendant<br>70 Macomb Place, Suite 224<br>Mt. Clemens, Michigan 48043<br>(248) 356-8590<br>cberlin@pjmpc.com |

## **JURY DEMAND**

 Defendant, State Farm Mutual Automobile Insurance Company (improperly identified in the Complaint as "State Farm Fire and Casualty Company, doing business as State Farm Mutual Automobile Company"), through its attorneys, Patrick, Johnson & Mott, P.C., hereby demands a trial by jury in the above-captioned cause.

                Respectfully submitted,

                **PATRICK, JOHNSON & MOTT, P.C.**

                *s/ Cary R. Berlin*
                Attorneys for Defendant
                70 Macomb Place, Suite 224
                Mt. Clemens, Michigan 48043
                (248) 356-8590
                cberlin@pjmpc.com
Date: March 13, 2025         P64122

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HAYES,

    Plaintiff,

v

STATE FARM FIRE AND CASUALTY CO., dba
STATE FARM MUTUAL AUTOMOBILE CO.,

    Defendant.

Case No. 2:25-cv-10678
Hon. Robert J. White

Magistrate Judge Kimberly G. Altman

---

**SHAWNDRICA N. SIMMONS (P70608)**
**SIMMONS LEGAL (dba the Lawchic)**
Attorneys for Plaintiff
77 Bagley Street
Pontiac, Michigan 48341
(248) 732-7559
simmonslegal@lawchic.com

**CARY R. BERLIN (P64122)**
**AMY L. WILLE (P68360)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## PROOF OF SERVICE

    I hereby certify that on March 13, 2025, my legal assistant, Courtney Pilibosian, electronically filed **State Farm's Answer to Plaintiff's Complaint, Affirmative Defenses, Jury Demand and this Proof of Service** with the Clerk of the court using the ECF system which will send notification of such filing to the attorneys of record.

    *Cary R. Berlin*
    PATRICK JOHNSON & MOTT, P.C.
    70 Macomb Place, Suite 224
    Mt. Clemens, Michigan 48043
    (248) 356-8590
    cberlin@pjmpc.com
    P64122